or before March 5, 1963, with notice of argument for the April 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ LORRAINE SHENDLES v. SOL SHENDLES.— Motion for a stay granted on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before February 7, 1963, with notice of argument for February 19, 1963, said appeal to be argued or submitted when reached. Concur — Botein, P. J, Breitel, Valente, Eager and Steuer, JJ.

■ JACK GOODMAN, Doing Business as KEYSTONE CONTRACTING CO. v. DEL-SA-CO FOODS, INC.— Motion to dismiss appeal granted, with $10 costs, unless the defendant-appellant procures the record on appeal and appellant's points to be served and filed on or before March 5, 1963, with notice of argument for the April 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL MERCADO. (B) THE PEOPLE OF THE STATE OF NEW YORK v. JAMES CARRAWAY.— [In each action] Motion to dismiss appeal granted unless the appellant procures the record on appeal and appellant's points to be served and filed on or before March 5, 1963, with notice of argument for the April 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ GENEVIEVE MEISNER et al. v. JOSEPH HEALEY et al.— Motions for enlargement of time and for a stay granted on condition that the appellants procure the record on appeal and appellants' points to be served and filed on or before February 5, 1963, with notice of argument for the March 1963 Term of this court, said appeals to be argued or submitted when reached. If the appellants fail to comply with the conditions imposed, the respondents may enter an order dismissing the appeals without notice to the appellants. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ JAMES WRIGHT v. BELT ASSOCIATES, INC.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before March 5, 1963, with notice of argument for the April 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. EARL COOPER. (B) THE PEOPLE OF THE STATE OF NEW YORK v. ALFRED GRANT.— [In each action] Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court filed herein. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM SOTO. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ. (B) THE PEOPLE OF THE STATE OF NEW YORK v. NORMAN YOUNG. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ. (C) THE PEOPLE OF THE STATE OF NEW YORK v. CHARLES WILLBRIGHT. (D) THE PEOPLE OF THE STATE OF NEW YORK v. SAMUEL LOWENSTEIN. (E) THE PEOPLE OF THE STATE OF NEW YORK v. SHIRLEY GELMAN. (F) THE PEOPLE OF THE STATE OF NEW YORK v. CORNELIUS JAMEISON. (G) THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH CRUZ. (H) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN CLARKE. (I) THE PEOPLE OF THE STATE OF NEW YORK v. ALBERTO SANGUINETTI. (J) THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT DALY. (K) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN CHINCOTTA. (L) THE PEOPLE OF THE STATE OF NEW YORK v. CLAUDE FLEMING. (M) THE PEOPLE

OF THE STATE OF NEW YORK v. CLIFTON WRIGHT. (N) THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD LYNCH. (O) THE PEOPLE OF THE STATE OF NEW YORK v. GERALD GARDE. (P) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN WILLIAMS. (Q) THE PEOPLE OF THE STATE OF NEW YORK v. FITZGERALD DE VONISH. (R) THE PEOPLE OF THE STATE OF NEW YORK v. CARL ABENANTE. (S) THE PEOPLE OF THE STATE OF NEW YORK v. ARTHUR CHESLER. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.— [In each action] Motion to dismiss appeal granted.

■ THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD HARWOOD.— Motion for an enlargement of time granted insofar as to extend the appellant's time to serve and file the record on appeal and appellant's points to and including April 2, 1963, with notice of argument for the May 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. RAUL ALLENDE.— Motion for leave to dispense with printing granted to the extent and on the terms and conditions contained in the order of this court filed herein. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ EMANUEL SHEMIN v. A. BLACK AND COMPANY, INC.— Motion to dispense with printing denied. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ REGINALD FINKLE v. CITY OF NEW YORK et al.— Motion for an enlargement of time and for a stay granted on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before February 5, 1963, with notice of argument for the March 1963 Term of this court, said appeal to be argued or submitted when reached. If the appellant fails to comply with the conditions imposed, the respondents may enter an order dismissing the appeal, without notice to the appellant. Concur — Breitel, J. P., Rabin, Valente, Stevens and Noonan, JJ.

■ HARRY SPODICK, as General President, v. SAMUEL REINLIB.— Motion for a stay and for other relief denied, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, Stevens and Noonan, JJ.

■ (A) JAMES BLAKE v. ROBERT P. WOODS et al. (B) ELIZABETH GRANDIN v. SAILOR'S SNUG HARBOR, INC., et al. (C) SYDEL F. THOMAS v. ALFRED J. THOMAS. (Two Motions.) — [In each action] Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

## (January 24, 1963)

■ L. CHESTER GLASER, Respondent, v. DANIEL A. SHIRK et al., Appellants, et al., Defendants.— Order entered on December 4, 1962, unanimously modified, on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellants, to the extent of reinstating item (g) of defendants' demand for a bill of particulars. In suits by an attorney to recover for legal services, the rule relative to the furnishing of particulars is that "the party should state separately the value of the services claimed to have been rendered with reference to each separate action or matter in its entirety" (Gormly v. Smith, 165 App. Div. 169, 171; Carroad v. Regensburg, 17 A D 2d 734). Guided by this rule, defendants included in their demand the following: (g) State separately the value of the services with respect to each separate matter." Plaintiff contends in effect that his services, for which he billed in the lump sum of $45,000, relate to a single matter, namely representation, over a period of